FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH B., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:19-cv-00021-SMJ <br><br> **ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT** |

Plaintiff Kenneth B. appeals the Administrative Law Judge's (ALJ) denial of his application for Supplemental Security Income (SSI) benefits. He alleges that the ALJ (1) improperly rejected the opinions of an examining physician, (2) improperly discounted Plaintiff's symptom testimony, (3) improperly discounted the testimony of Plaintiff's wife, and (4) improperly found that Plaintiff could perform his past relevant work at step four. The Commissioner of Social Security ("Commissioner") asks the Court to affirm the ALJ's Decision.

Before the Court, without oral argument, are the parties' cross-motions for summary judgment, ECF Nos. 10, 11. Upon reviewing the administrative record, the parties' briefs, and the relevant authority, the Court is fully informed. For the

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT - 1

reasons set forth below, the Court finds no error in the ALJ's determination that Plaintiff was not entitled to benefits. Accordingly, the Court grants the Commissioner's motion and denies Plaintiff's motion.

## BACKGROUND[1]

Plaintiff applied for SSI benefits on April 16, 2018. AR 191.[2] The Commissioner denied Plaintiff's application on October 28, 2016. AR 119–22. Plaintiff requested, and the Commissioner denied, reconsideration. AR 123–28. At Plaintiff's request, a hearing was held before ALJ Carolina Siderius. AR 62–91. The ALJ denied Plaintiff benefits on March 14, 2018. AR 27–43. The Appeals Council denied Plaintiff's request for review on November 28, 2018. AR 1–7. Plaintiff then appealed to this Court under 42 U.S.C. § 405(g). ECF No. 1.

## DISABILITY DETERMINATION

A "disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The decision-maker uses a five-step sequential

---

[1] The facts, thoroughly stated in the record and the parties' briefs, are only briefly summarized here.

[2] References to the administrative record (AR), ECF No. 7, are to the provided page numbers to avoid confusion.

evaluation process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

Step one assesses whether the claimant is engaged in substantial gainful activities. If he is, benefits are denied. 20 C.F.R. §§ 404.1520(b), 416.920(b). If he is not, the decision-maker proceeds to step two.

Step two assesses whether the claimant has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(c), 416.920(c). If the claimant does not, the disability claim is denied. If the claimant does, the evaluation proceeds to the third step.

Step three compares the claimant's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 404 Subpt. P App. 1, 416.920(d). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. If the impairment does not, the evaluation proceeds to the fourth step.

Step four assesses whether the impairment prevents the claimant from performing work he has performed in the past by examining the claimant's residual functional capacity, or RFC. 20 C.F.R. §§ 404.1520(e), 416.920(e). If the claimant is able to perform his previous work, he is not disabled. If the claimant cannot perform this work, the evaluation proceeds to the fifth step.

Step five, the final step, assesses whether the claimant can perform other work in the national economy in view of his age, education, and work experience. 20 C.F.R. §§ 404.1520(f), 416.920(f); *see Bowen v. Yuckert*, 482 U.S. 137 (1987). If the claimant can, the disability claim is denied. If the claimant cannot, the disability claim is granted.

The burden of proof shifts during this sequential disability analysis. The claimant has the initial burden of establishing a prima facie case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971). The burden then shifts to the Commissioner to show (1) the claimant can perform other substantial gainful activity, and (2) that a "significant number of jobs exist in the national economy," which the claimant can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984). A claimant is disabled only if his impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

## ALJ FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity. AR 32.

At step two, the ALJ found that Plaintiff had three medically determinable

severe impairments: post-traumatic stress disorder, depression, and general anxiety disorder with panic features. *Id.* The ALJ did not find that Plaintiff's antisocial personality disorder or obsessive compulsive disorder were severe impairments, and found that Plaintiff's complaint of back pain was not a medically determinable impairment because it was not supported by sufficient medical signs or laboratory findings. AR 32–33.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. AR 33.

At step four, the ALJ found that Plaintiff had an RFC sufficient to perform a full range of work at all exertional levels, subject to the following "nonexertional limitations: he would be restricted to simple, routine, and repetitive tasks with no detailed work; he could have only ordinary production requirements; he could have only superficial, brief contact with coworkers, supervisors, and the general public; he would work best independently; he would work best with things rather than people." AR 34. The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but she found that some of Plaintiff's statements concerning the intensity, persistence and limiting effects were inconsistent with the medical and other evidence in the record. AR 34–35.

In reaching this determination, the ALJ gave great weight to the opinion of Nancy Winfrey, Ph.D., an impartial medical expert. AR 36. The ALJ gave partial weight to the opinion of two psychological consultants from the Washington Department of Social and Health Services (DSHS), Steven Haney, M.D., and Michael Regets, Ph.D. AR 36. The ALJ gave little weight to the opinion of John Arnold, Ph.D., who performed a psychological evaluation on behalf of DSHS, and to the statements of Plaintiff's wife. *Id.*

At step five, the ALJ found Plaintiff could perform past relevant work as a nursery laborer or construction laborer. AR 36. In the alternative, the ALJ found Plaintiff could perform other jobs existing in the national economy. AR 37–38.

**STANDARD OF REVIEW**

The Court must uphold an ALJ's determination that a claimant is not disabled if the ALJ applied the proper legal standards and there is substantial evidence in the record, considered as a whole, to support the ALJ's decision. *Molina v. Astrue,* 674 F.3d 1104, 1110 (9th Cir. 2012) (citing *Stone v. Heckler*, 761 F.2d 530, 531 (9th Cir. 1985)). "Substantial evidence 'means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* at 1110 (quoting *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009)). This must be more than a mere scintilla but may be less than a preponderance. *Id.* at 1110–11 (citation omitted). If the evidence supports more than one rational

interpretation, the Court must uphold an ALJ's decision if it was supported by inferences reasonably drawn from the record. *Id.*; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).

## ANALYSIS

**A. The ALJ appropriately weighed Dr. Arnold's testimony**

Plaintiff first argues the ALJ erred by giving little weight to the testimony of Dr. Arnold. ECF No. 10 at 12. Plaintiff contends the ALJ was required to give "clear and convincing" reasons to reject the opinion of Dr. Arnold and asserts that the ALJ failed to do so. *Id.* at 12. The Commissioner contends the ALJ only needed to offer "specific and legitimate" reasons to reject Dr. Arnold's testimony, but that even under the less deferential "clear and convincing" standard, the ALJ was justified in rejecting Dr. Arnold's opinions. ECF No. 11 at 8–11.

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (non-examining physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201–02 (9th Cir. 2001). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a non-examining physician's. *Id.* at 1202. "In addition, the regulations give more weight to opinions that are explained than to

those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists." *Id.*

If a treating or examining physician's opinion is uncontradicted, the ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). But "the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately supported by clinical findings." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d 821, 830–31).

**1. The ALJ only needed to offer "specific and legitimate" reasons to reject Dr. Arnold's testimony**

Dr. Arnold, who performed a psychological evaluation, was an examining physician. *Holohan*, 246 F.3d at 1201–02; AR 35. Dr. Arnold diagnosed Plaintiff with unspecified depressive disorder; general anxiety disorder with panic features; antisocial personality disorder with paranoid features, opioid & amphetamine substance use disorder (severe); and cannabis use disorder. AR 329. Dr. Arnold opined that Plaintiff suffered from a number of moderate, marked, and severe limitations. AR 329–30. Dr. Arnold's opinions and diagnoses were contradicted by

ORDER RULING ON MOTIONS FOR SUMMARY JUDGMENT **-** 8

Dr. Winfrey's testimony. *See, e.g.,* AR 69 ("[Dr. Arnold] doesn't really tie those ratings to the test, and the test is pretty sparse."). Accordingly, the ALJ only needed to offer "specific and legitimate reasons that are supported by substantial evidence" to reject it. *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830–31).

### 2. The ALJ gave "specific and legitimate" reasons to reject Dr. Arnold's opinions

Plaintiff offers little in the way of argument that the ALJ's rejection of Dr. Arnold's testimony was without a basis in substantial evidence, instead stating, "the ALJ did not cite to any clear and convincing reasons for failing to credit the limitations which Dr. Arnold gave in his report." ECF No. 10 at 12. This conclusory assertion is belied by the record, as the ALJ gave several "specific and legitimate reasons" that were "supported by substantial evidence" to reject Dr. Arnold's evaluation. *Bayliss*, 427 F.3d at 1216 (citing *Lester*, 81 F.3d at 830–31).

First, the ALJ explained that Dr. Arnold "made no serious attempt to tie his significant ratings to the text of his report." AR 36. This conclusion is supported by substantial evidence. Although Dr. Arnold diagnosed Plaintiff with five separate mental disorders, and assigned a handful of moderate, marked, and severe ratings to Plaintiff's limitations, Dr. Arnold offered next to no explanation for how he reached those diagnoses. *See generally* AR 328–32. The Court finds this a specific and legitimate reason, with a basis in substantial evidence, to give Dr. Arnold's opinions little weight. *See* 20 C.F.R § 416.927(c)(3); *Bray v. Comm'r of Soc. Sec.*

*Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) (quoting *Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002)).

Second, the ALJ concluded that Dr. Arnold's findings were unsupported by specific medical signs or laboratory findings. AR 36. As above, Dr. Arnold made little attempt to explain the basis for his conclusions—for example, Dr. Arnold opined that Plaintiff's ability to "[a]dapt to changes in a routine work setting" was "severe[ly]" limited, but his report offers no justification for that assessment. AR 330. This too was a legitimate reason, with a basis in substantial evidence, to give Dr. Arnold's conclusions little weight. *See* 20 C.F.R § 416.927(c)(3); *Bray*, 554 F.3d at 1228.

Third, the ALJ noted that Dr. Arnold's conclusions were inconsistent with his own specific findings, particularly his assessment that Plaintiff suffered severe limitations in numerous aspects of his mental faculties, despite Dr. Arnold's report that the tests he conducted with Plaintiff were "unremarkable." AR 36; *see also* AR 331. This was also a sufficient basis to give Dr. Arnold's report minimal weight. *See Bayliss*, 427 F.3d at 1216.

Finally, the ALJ explained that Dr. Arnold's opinions were inconsistent with the remainder of the medical evidence in the record. AR 36. As Dr. Winfrey noted at the hearing, Dr. Arnold was the sole provider to diagnose Plaintiff with antisocial personality disorder—causing Dr. Winfrey to have a "pretty big degree of doubt"

regarding that diagnosis, AR 69—and many of Dr. Arnold's other diagnostic conclusions were alone in the medical record before the ALJ. AR 36. Therefore, the ALJ's final reason to reject the conclusions of Dr. Arnold was specific, legitimate, and grounded in the record before her. *See Bayliss*, 427 F.3d at 1216.

In sum, the ALJ provided at least four "specific and legitimate" reasons to reject the opinions of Dr. Arnold. *Bayliss*, 427 F.3d at 1216 (citing *Lester,* 81 F.3d at 830–31). Because these reasons were supported by substantial evidence in the record, the Court upholds the ALJ's decision to reject Dr. Arnold's conclusions. *Molina*, 674 F.3d at 1110.

**B.  The ALJ properly discounted Plaintiff's symptom testimony**

Plaintiff next argues the "ALJ failed to fully credit Plaintiff's testimony as to why he is not able to work, which is that he cannot be around people due to his mental health concerns." ECF No. 10 at 12.

Where a claimant presents objective medical evidence of impairments that could reasonably produce the symptoms complained of, an ALJ may reject the claimant's testimony about the severity of his symptoms only for "specific, clear and convincing reasons." *Burrell v. Colvin*, 775 F.3d 1133, 1137 (9th Cir. 2014). The ALJ's findings must be sufficient "to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). General findings are insufficient. *Lester v. Chater*, 81

F.3d 821, 834 (9th Cir. 1995). In evaluating the claimant's credibility, the "ALJ may weigh inconsistencies between the claimant's testimony and his or her conduct, daily activities, and work record, among other factors." *Bray*, 554 F.3d at 1227. The Court may not second guess the ALJ's credibility findings that are supported by substantial evidence. *Tommasetti*, 533 F.3d at 1039.

The ALJ gave little weight to Plaintiff's opinion testimony because it was self-contradictory. AR 34–35. For example, Plaintiff previously told Dr. Arnold that he had "difficulty around people," reportedly "sweating and shaking," and couldn't "have people behind him." AR 328. As the ALJ observed, these complaints were inconsistent with Plaintiff's testimony that he relied on public transportation. AR 35; *see also Attmore v. Colvin*, 827 F.3d 872, 878 n.2 (9th Cir. 2016) (noting that claimant's ability to take public transportation was legitimately considered in evaluating intensity of claimant's social impairments). The ALJ also found Plaintiff's symptom testimony inconsistent with remarks elsewhere in the record that Plaintiff often cared for his grandchildren, including a statement that Plaintiff would have "no problem taking the grandchildren." AR 35 (quoting AR 376).

The ALJ also discounted Plaintiff's testimony because his symptoms responded well to treatment. AR 35; *see also Crane v. Shalala*, 76 F.3d 251, 254 (9th Cir. 1996) (holding ALJ's decision to discount claimant's testimony is not arbitrary when evidence showed claimant's depression responded to therapy).

Finally, the ALJ gave little weight to Plaintiff's symptom testimony because it was rebutted by the medical opinion of Dr. Winfrey. AR 36; s*ee also Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997), *as amended on reh'g* (Sept. 17, 1997) (holding ALJ may reject claimant's symptom testimony by considering "testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which he complains")

In sum, the Court finds the ALJ properly gave "specific, clear and convincing reasons" to reject Plaintiff's symptom testimony. *Colvin*, 775 F.3d at 1137. These reasons were supported by the ALJ's credibility determinations and based on substantial evidence in the record, and the Court will not second guess those conclusions. *Tommasetti*, 533 F.3d at 1039.

**C.      The ALJ properly discounted Plaintiff's wife's testimony**

Plaintiff next claims the ALJ erred in giving little weight to the testimony of his wife. ECF No. 10 at 13. The testimony of a lay witness alone can never establish disability. 20 C.F.R. §§ 416.929(a), (b). And to reject a lay witness's opinion, the ALJ need only cite a "germane" reason for doing so. *Bayliss*, 427 F.3d at 1218 (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). "Inconsistency with medical evidence is one such reason." *Id.* The ALJ discounted Plaintiff's wife testimony about Plaintiff's social limitations because it was inconsistent with the opinions of Dr. Winfrey and the medical record before the ALJ. AR 36. The ALJ

thus relied on at least one germane reason to reject the testimony of Plaintiff's wife, and the Court will not disturb that conclusion.

**D.     The ALJ's decision at step four was supported by substantial evidence**

Finally, Plaintiff asserts the ALJ erred at step four by propounding an incomplete hypothetical to the vocational expert. ECF No. 10 at 14. "An ALJ must propose a hypothetical that is based on medical assumptions supported by substantial evidence in the record that reflects each of the claimant's limitations." *Roberts v. Shalala*, 66 F.3d 179, 184 (9th Cir. 1995). But where the ALJ does not find that a claimant suffers from alleged impairments, those impairment need not be included in the hypothetical. *Id.*

In this matter, the ALJ asked the testifying vocational expert if an individual suffering from the impairments the ALJ determined were established could perform work as a nursery or construction laborer. AR 87–88. The vocational expert testified that such an individual could, and the ALJ accordingly found Plaintiff capable of performing past relevant work. AR 88, 37. As set out above, the ALJ did not err in rejecting several of Plaintiff's alleged impairments, and therefore did not err in propounding a similarly limited hypothetical to the vocational expert. *Roberts*, 66 F.3d at 184. Accordingly, the Court finds no error in the ALJ's step four analysis.

//

//

# CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED**:

**1.** Plaintiff's Motion for Summary Judgment, **ECF No. 10**, is **DENIED**.

**2.** The Commissioner's Motion for Summary Judgment, **ECF No. 11**, is **GRANTED**.

**3.** The Clerk's Office shall **ENTER JUDGMENT** in favor of the Commissioner and thereafter **CLOSE** the file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of November 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge